UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY D. WRIGHT,<br><br>            Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>            Defendant. | CASE NO. 12-cv-05284 RJB-JRC<br><br>REPORT AND RECOMMENDATION ON STIPULATED MOTION FOR REMAND |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976).  This matter is before the Court on Defendant's stipulated motion to remand the matter to the administration for further consideration.  (ECF No. 20.)

After reviewing Defendant's stipulated motion and the relevant record, the undersigned recommends that the Court grant Defendant's motion, and reverse this matter pursuant to

sentence four of 42 U.S.C. §405(g) with a remand of the cause to the Commissioner for further proceedings.  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

On remand, based on the parties' stipulation, this Court recommends that the Commissioner's decision in regard to Plaintiff's applications for disability insurance benefits pursuant to Title II of the Social Security Act be REVERSED and REMANDED to the Commissioner of Social Security for further administrative proceedings before an administrative law judge ("ALJ"); a new hearing; and a new decision.   On remand, the ALJ should: 1) if warranted, obtain testimony from a medical expert to clarify the nature and effect of Plaintiff's impairments on his ability to work; 2) give further consideration to the credibility of Plaintiff's subjective complaints; 3) give further consideration to the treating, examining, and non-examining medical source opinions in the record including those of Daniel Colonno, M.D., and Robert Hoskins, M.D.; 4) give further consideration to Plaintiff's residual functional capacity on the updated record; 5) further consider whether or not Plaintiff has past relevant work he could perform with the limitations established by the evidence; 6) and as appropriate, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.  On remand, the ALJ will evaluate only the relevant period from Plaintiff's alleged onset date through January 25, 2011.  The parties agree that Plaintiff's subsequent allowance beginning January 26, 2011 shall be affirmed on remand.

This Court further recommends that the ALJ take any other actions necessary to develop the record.  In addition, Plaintiff should be allowed to submit additional evidence and arguments to the ALJ on remand.  The parties stipulate that Plaintiff may be entitled to reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) following proper presentation to this Court.

1   Given the facts and the parties' stipulation, the Court recommends that the District Judge
2   immediately approve this Report and Recommendation and order the case be **REVERSED** and
3   **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).
4   Dated this 28th day of September, 2012.

*/s/ J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
STIPULATED MOTION FOR REMAND - 3