UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY D. WRIGHT,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | CASE NO. 12-5284 RJB<br><br>ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B) |

This matter comes before the Court on Plaintiff's Motion for Authorization of Attorney Fees under 42 U.S.C. § 406(b). Dkt. 28. The Court has considered the pleadings filed regarding the motion and the record herein.

Attorney's fees may be awarded to a successful social security claimant's lawyer for his or her representation before a court pursuant 42 U.S.C. §§ 406(b); *Straw v. Bowen,* 866 F.2d 1167 (9th Cir. 1989). Under 42 U.S.C. § 406(b)(1)(A) the court can only award fees up to the 25 percent withheld from the past-due benefits. This 25 percent limit applies to the total of EAJA and § 406(b) fees combined. See, *Morris v. Social Sec. Admin.,* 689 F.2d 495, 497-98 (4th Cir.

1982); *Webb v. Richardson*, 472 F.2d 529, 536 (6th Cir. 1972); *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). Previously, this Court awarded Plaintiff's counsel the amount of $3,314.27 pursuant to the Equal Access to Justice Act (EAJA). The award of § 406(b) fees that Plaintiff's attorney seeks, $12,001.25 is the balance before the EAJA award is subtracted from the 25% of the past due benefits award. Plaintiff acknowledges in his motion that his counsel is obligated to refund the EAJA award to him.

The Commissioner filed a response, and does not object to an award of § 406(b) fees, but argues that an award from the Court should be for the net award of $8,686.98. Dkt. 29. That is award $12,001.25 less the EAJA award of $3,314.27 to the Plaintiff's counsel. *Id.*

"Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" in 1985. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Id.* (*quoting* Public Law 99–80, §3,99 Stat. 183, 186 (1985)(uncodified), which provides, "where the claimant's attorney receives fees for the same work under both section 206(b) . . . and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.").

Based on the statutory scheme, then, Plaintiff's attorney should be awarded $12,001.25 in fees. Plaintiff's attorney should refund to Plaintiff the EAJA award of $3,314.27.

Therefore, it is hereby **ORDERED:**

- Plaintiff's Motion for Authorization of Attorney Fees under 42 U.S.C. § 406(b) (Dkt. 28) **IS GRANTED**;

- Plaintiff's attorney, Robert Friedman, **is awarded** attorney's fee of $12,001.25 pursuant to 42 U.S.C. § 406(b).

- Mr. Friedman **shall refund** to Plaintiff the EAJA fees of $3,314.27 that were previously were awarded, leaving a net fee of $8,686.98; and

- When issuing the 42 U.S.C. § 406(b) check for payment to Plaintiff's attorney, the Government **is directed** to send to Plaintiff's attorney $12,001.25, minus any applicable processing fees as allowed by statute.

Dated this 3rd day of January, 2017.

*[signature]*

ROBERT J. BRYAN
United States District Judge